UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIN NORDHEIM,<br><br>        Plaintiff,<br><br>    v.<br><br>CODE TENDERLOIN,<br><br>        Defendant. | Case No. 25-cv-04969-JST<br><br>**ORDER SCREENING AND DISMISSING SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 19 |

Before the Court is Pro Se Plaintiff Odin Nordheim's second amended complaint ("SAC") against Defendant Code Tenderloin. ECF No. 19. Performing the screening required by 28 U.S.C. § 1915(e), the Court now dismisses the complaint with prejudice for failure to state a claim on which relief may be granted.

Nordheim's claims arise from his "removal and exclusion" from Code Tenderloin's "All Star Job Readiness Program." ECF No. 19 at 4. The SAC, like the first amended complaint ("FAC"), brings claims for (1) violation of procedural due process under 42 U.S.C. § 1983; (2) First Amendment retaliation under Section 1983; and (3) disability discrimination and failure to accommodate under Section 504 of the Rehabilitation Act. ECF No. 9 at 5–6; ECF No. 19 at 12–14, 16–18. The SAC also adds new claims for (1) disability discrimination and failure to make reasonable modifications under Title III of the Americans with Disabilities Act and (2) retaliation for protected activities under the ADA and the Rehabilitation Act. ECF No. 119 at 14–16.

The Court dismissed Nordheim's FAC by adopting a report and recommendation by Magistrate Judge Donna M. Ryu. ECF No. 16. In Judge Ryu's report and recommendation, she noted that Nordheim had failed to allege that the defendant—a private party—had acted "under color of state law" within the meaning of Section 1983. ECF No. 13 at 4–5. The SAC does not

United States District Court
Northern District of California

add new allegations that Defendants engaged in state action.  Rather, it marginally repackages the state-action allegations from the FAC—that Code Tenderloin receives federal funding and that it "administer[s] eligibility, exclusion, and referral decisions as part of a jointly coordinated public workforce pipeline."  *Compare* ECF No. 9 ¶ 19 *with* ECF No. 19 ¶¶ 37, 38.  As Judge Ryu concluded and this Court affirmed, these allegations are vague, conclusory, and insufficient to establish that the private defendant's actions can be "fairly attributable to the state."  ECF No. 13 at 5–6 (quoting *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010)).  Nordheim's Section 1983 claims for violations of the First and Fourteenth Amendments are dismissed with prejudice.

Judge Ryu's report and recommendation also found that Nordheim's disability-related claim failed because he "plead[ed] only that he experiences 'disability-related impairments' and that he 'requested, expressly or by implication, reasonable accommodations,' and that Code Tenderloin 'failed to engage in the interactive process or to provide reasonable accommodations.'"  ECF No. 13 at 5.  Although Nordheim has added two additional disability-related claims, he does not add any new factual allegations and still fails to identify (1) what disability he experienced; (2) how that disability impacted his experience with Code Tenderloin; (3) what accommodation he requested; and (4) what actions Code Tenderloin took in response.  Nordheim's remaining claims, which concern the failure to accommodate his disability, disability-related discrimination, and retaliation for activity protected by federal disability law, are therefore dismissed with prejudice.

Nordheim has now received three opportunities to plead viable claims but failed to do so.  In addition, the SAC replicates the issues identified in this Court's prior screening order.  Dismissal is therefore with prejudice.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  March 6, 2026

_____
JON S. TIGAR
United States District Judge

2